In the Matter of the Claim of FRANK FIOL, Respondent. CALMAR STEAMSHIP CORPORATION, Appellant; EDWARD CORSI, as Industrial Commissioner, Respondent.

Argued March 4, 1953; decided April 24, 1953.

*Ralph L. McAfee, Albert R. Connelly* and *Edward C. Perkins* for appellant. I. Under the New York State Constitution a union regulation cannot of itself be good cause under the Unemployment Insurance Law for voluntary relinquishment of employment. (*Packer Collegiate Inst.* v. *University of State of N. Y.*, 298 N. Y. 184; *Matter of Lyons* v. *Prince*, 281 N. Y. 557; *People* v. *Klinck Packing Co.*, 214 N. Y. 121; *Matter of Levine* v. *O'Connell*, 275 App. Div. 217, 300 N. Y. 658; *Barclay-White Co.* v. *Unemployment Compensation Bd. of Review*, 356 Pa. 43, 332 U. S. 761; *Bigger* v. *Delaware Unemployment Compensation Comm.*, 43 Del. 553; *Chambers* v. *Owens-Ames-Kimball Co.*, 146 Ohio St. 559.) II. The sixty-day rule violates the purpose and effect of the Unemployment Insurance Law and cannot be accepted as good cause. III. Subdivision 2 of section 593 of the Unemployment Insurance Law prevents use of unemployment benefits as an antiunion weapon. It does not empower unions to control eligibility for such benefits.

*Nathaniel L. Goldstein, Attorney-General* (*Francis R. Curran* and *Wendell P. Brown* of counsel), for Edward Corsi, as Industrial Commissioner, respondent. I. The question whether claimant had good cause for leaving his employment was one of fact. Since there is sufficient evidence in the record to sustain the

board's finding, the decision should not be disturbed. (*Matter of Rumsey Mfg. Corp. [Corsi]*, 296 N. Y. 113.) II. The union does not determine what constitutes good cause for leaving employment under paragraph (b) of subdivision 1 of section 593 of the Unemployment Insurance Law. (*Matter of Mounting & Finishing Co. v. McGoldrick*, 294 N. Y. 104; *Barclay-White Co. v. Unemployment Compensation Bd. of Review*, 356 Pa. 43, 332 U. S. 761; *Bigger v. Delaware Unemployment Compensation Comm.*, 43 Del. 553; *Chambers v. Owens-Ames-Kimball Co.*, 146 Ohio St. 559.)

*Per Curiam.* The referee and the Appeal Board found justification for the claimant's relinquishment of his job in the union's sixty-day rule. But the mere fact of the existence of such a union rule did not warrant the conclusion that claimant was excused from continuing his employment. The referee and the Appeal Board had to go further and determine whether, under all the facts of the case, the claimant was justified in complying with the union regulation. Such an inquiry would involve a decision as to the reasonableness of the regulation in question — whether, in other words, the nature of the industry, the state of the labor market and other relevant considerations, furnished reasonable basis in fact for that regulation. To hold otherwise would be to allow the union to determine arbitrarily what constituted " good cause " for the claimant's leaving his job — a function which the Labor Law entrusted to the referee and the Appeal Board (see Labor Law, § 623).

It follows that the order of the Appellate Division and the determination of the Unemployment Insurance Appeal Board should be reversed, with costs in this court and in the Appellate Division to abide the event, and the matter remanded to the board for further proceedings in accordance with this opinion.

LOUGHRAN, Ch. J., LEWIS, CONWAY, DESMOND, DYE and FULD, JJ., concur in *Per Curiam* opinion; FROESSEL, J., dissents and votes to affirm.

Order reversed, etc.