In the Matter of the Claim of Frank Fiol, Respondent. Calmar Steamship Corporation, Appellant; Edward Corsi, as Industrial Commissioner, Respondent.

Third Department, July 8, 1954.

*Edward C. Perkins, Ralph McAfee* and *Jack E. Brown* for appellant.

*Nathaniel L. Goldstein, Attorney-General* (*Francis R. Curran* and *Wendell P. Brown* of counsel), for Industrial Commissioner, respondent.

*Seymour W. Miller* and *Irving A. Logue* for Seafarers International Union of North America, Atlantic and Gulf District, A. F. of L., *amicus curiæ*.

*Per Curiam.* This case is here for a second time. The Court of Appeals (305 N. Y. 264) reversed the decision of this court (279 App. Div. 963), which had affirmed the decision of the Unemployment Insurance Appeal Board holding that the claimant was not disqualified from receiving benefits, despite the fact that he had left his employment pursuant to a sixty-day

regulation, adopted by the union of which the claimant was a permit holding member. The Court of Appeals remanded the case to the Appeal Board to determine " whether, under all the facts of the case, the claimant was justified in complying with the union regulation ", which inquiry was to include a decision " as to the reasonableness of the regulation in question ". The board conducted a further hearing and, upon the basis of the proof adduced by the union as to the nature of the maritime industry and labor conditions therein and as to the need for the union regulation to provide more " steady employment to the hard core of its [book holding] membership of career seamen ", the board found that the regulation was a reasonable one and that " claimant's leaving of his employment was with good cause ". No evidence was offered by the employer upon that issue. The arithmetical computations, offered in the employer's brief, upon the basis of percentage estimates given by a union official upon cross-examination, do not rise to the level of countervailing proof; in any event, they do not destroy the substantiality of the evidence upon which the board based its conclusion. We find that the board's conclusion was supported by substantial evidence and we therefore accept it as final (Labor Law, § 623).

Upon appeal to this court, the employer raised the additional contention that the union regulation violated the Labor Management Relations Act, 1947 (U. S. Code, tit. 29, §§ 141 *et seq.*). The regulation does not violate any provision of the Federal statute on its face. No proceeding has been instituted before the National Labor Relations Board charging the union with an unfair labor practice. Unless and until the regulation has been held to constitute an unfair labor practice by the Federal agency which has sole jurisdiction over that question, the State agency charged with the administration of the State Unemployment Insurance Law cannot predicate its decision upon any contention that a Federal violation may be involved in the union regulation.

Furthermore, it does not appear that the regulation, in and of itself, could be made the basis of an unfair labor practice charge. The case of *Radio Officers* v. *Labor Board* (347 U. S. 17), upon which the employer relies, has no relevance here. In that case, the union was found guilty of an unfair labor practice in causing the employer to discharge, or to refuse to employ, the complaining employee because of his breach of a union rule. No question of causing the employer to discharge the employee,

or to refuse to employ him, because of a breach of a union rule, is involved here. If in the future the union goes beyond intra-union discipline and adopts coercive measures to enforce compliance with its regulation, the coercive measures could be made the subject of a proceeding before the National Labor Relations Board but, even then, the regulation as such would not be the basis of the unfair labor practice charge.

The employer appellant objected to the granting of unemployment insurance benefits to the claimant upon the ground that he had voluntarily complied with the union regulation. We are therefore concerned only with a determination of the reasonableness and validity of the union regulation, as voluntarily complied with by the union members. There is nothing in the *Radio Officers* case which touches that question.

The decision should be affirmed, with costs to the board.

FOSTER, P. J., BERGAN, COON, HALPERN and IMRIE, JJ., concur.

Decision affirmed, with costs to the board. [See *post,* p. 856.]