CHARLES BECKERT *v.* ADMINISTRATOR, UNEMPLOYMENT
COMPENSATION ACT

SUPERIOR COURT       NEW HAVEN COUNTY       FILE No. 82072

Memorandum filed October 25, 1955.

No appearance for the plaintiff.

*John J. Bracken,* attorney general, and *Harry Silverstone,* assistant attorney general, both of Hartford, for the defendant.

KING, J. The claimant had registered with the employment service and had filed claims for unemployment compensation. On May 19, 1955, the employment service (public employment bureau) offered claimant a referral to Sam Cohen, Inc., as a sheet metal worker, at the time informing the claimant that the proposed employer was operating under a so-called "union shop" agreement the basic effect of which was to make it necessary for a new employee to join the union within thirty days or lose his job. The claimant refused to take the job solely because it required union membership. Admittedly the work offered was in every other respect suitable and the union was not a "company union" but was a bona fide labor organization. For this refusal the administrator held that the claimant was not entitled to benefits. Upon appeal, the commissioner

reversed the administrator's decision and held the claimant entitled to benefits. From that decision the administrator has taken this appeal.

The claimant sustained his burden of proving the prerequisites to eligibility under General Statutes § 7507. The basic question is whether the administrator sustained his burden of proving that the claimant was ineligible for benefits under General Statutes § 7508. *Waskiewicz* v. *Egan,* 15 Conn. Sup. 286; *Lenz* v. *Administrator,* 17 Conn. Sup. 315, 317. The claim of the administrator is that the claimant is ineligible under General Statutes § 7508 (1) because he "failed without sufficient cause . . . to apply for available, suitable work when directed so to do by the public employment bureau . . . [and] to accept suitable work when offered him by the public employment bureau."

In subsection (1) of General Statutes § 7508, certain specific requirements of suitable work are set forth. One of these is that "no work shall be deemed suitable nor shall benefits be denied . . . to any otherwise eligible individual for refusing to accept new work . . . (c) if as a condition of being employed the individual would be required to join a company union or to resign from or refrain from joining any bona fide labor organization." The phrase "company union" embraces a particular kind of union. The qualifying adjective "company" cannot be ignored or brushed aside. Indeed, in the very next line the phrase "bona fide labor organization" is used in contradistinction to a "company union."

Under the above-quoted language of General Statutes § 7508 (1) (c) it is clear that only where an employee would be required to join a "company union" would an otherwise suitable job be rendered unsuitable. The finding as corrected makes it clear that the union in question was not a company union and was

a bona fide labor organization. Since the job was otherwise suitable, the fact that it was in a so-called "union shop" did not make it any the less so.

This conclusion is fortified by the fact that our General Assembly has refused to enact a so-called "right to work" statute. Such statutes prohibit the imposition of any requirement either of membership in a union or of nonmembership in a union from being made a condition of obtaining or retaining employment. Legislation of this type is in force in a number of states and its constitutionality as a valid exercise of the police power has been upheld. 29 U.S.C. § 164 (b); *Algoma Plywood & Veneer Co.* v. *Wisconsin Employment Relations Board,* 336 U.S. 301, 314. The refusal of our General Assembly to enact a "right to work" statute is strong evidence against the construction of General Statutes § 7508 adopted by the commissioner. *Albrecht* v. *Rubenstein,* 135 Conn. 243, 245.

Except in states having such statutes, a union shop may be established by agreement between an employer and a bona fide labor union. 29 U.S.C. §§ 157, 158 (a) (3), 164 (b). And when this is done, membership in the union is a prerequisite to retaining a job. Such was the case with the work offered the claimant here.

There is no suggestion that the refusal to join the union was other than a personal idiosyncrasy of this claimant. Without clear legislative warrant, he should not be allowed to refuse a job for a mere personal whim and draw unemployment compensation benefits while idle. *Alexander* v. *Administrator,* 18 Conn. Sup. 145. To permit this in this case would in effect nullify "union shop" contracts notwithstanding the legislative approval given them in General Statutes § 7392 (5), a statute which has been accorded inferential approval as a valid exer-

cise of the police power in *Kenmike Theatre, Inc.* v. *Moving Picture Operators,* 139 Conn. 95, 99.

A similar result was reached in an unreported decision of the Superior Court, *Schultz* v. *Administrator,* rendered in Fairfield County on July 10, 1953.

The appeal is sustained, the decision of the unemployment compensation commissioner is reversed, and the case is remanded for further proceedings in conformity with this opinion.