■ In the Matter of the Claim of BENJAMIN F. RAYSOR, JR., Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.— Appeal by claimant from a decision of the Unemployment Insurance Appeal Board holding that claimant was ineligible for benefits because he had voluntarily left his employment without good cause. Claimant, a general helper, was discharged on December 14, 1960, with the consent of his union, for insubordination and alleged physical threats to his supervisor. The altercation between claimant and his supervisor arose because claimant was away from his post for a period in excess of his allotted 10-minute break. On two previous occasions in 1959 claimant had been disciplined for overstaying his break and in June of 1960 had been discharged after an argument with his supervisor about being away from his post. After union intervention this discharge was rescinded. The board has adopted findings of the Referee in connection with the December 14 incident, and while some of the charges were found to be unsubstantiated it was found that claimant did overstay his break and when ordered to resume his post persisted in arguing with the supervisor. The board found that this action plus his attitude toward observing the requirement about promptly returning from breaks, especially when he knew his supervisors were checking his activities, provoked his discharge and thus his leaving employment was without good cause under the Unemployment Insurance Law. Claimant contends that the board did not properly resolve the factual issues in dispute upon the weight of the evidence, and, in addition, alleges unfair practices on the part of the company, collusion between the company and the union and deliberate fabrication on the part of the employer's assistant personnel manager. Even assuming that all of these latter contentions are relevant here (see *Matter of Fiol* [*Corsi*], 284 App. Div. 519, affd. 309 N. Y. 661) we see at most a factual question presented. We find the board's conclusion was supported by substantial evidence and we therefore accept it as final (Labor Law, § 623). Decision unanimously affirmed, without costs. Present — Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.