In the Matter of the Claim of PAUL L. GRANDIN, Appellant. MARTIN P. CATHERWOOD, as Industrial Commissioner, Respondent.

Third Department, November 8, 1963.

*Wikler, Gottlieb, Steward & Long* (*Ernest L. Garb, John P. McArthur* and *Richard P. Long* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Harold F. Lee, Paxton Blair* and *Samuel Stern* of counsel), for respondent.

GIBSON, J. Claimant appeals from a decision of the Unemployment Insurance Appeal Board sustaining a determination disqualifying him from benefits on the ground that, without good cause, he refused a suitable offer of employment (Labor Law, § 593, subd. 2).

Claimant, a seaman electrician and member of the Marine Firemen's Union, upon release from hospitalization in California for a physical disability, registered for employment with the union there and received a shipping card valid for 90 days. Claimant possessed an " A " seniority classification entitling him to priority in obtaining jobs, all offers of which came through the union hiring hall. Claimant's union membership appears to have been valuable in other respects and particularly as concerned a number of substantial fringe benefits. Apparently for the protection of career seamen against the hazards

of unemployment in the depressed condition of the domestic maritime industry, a rule had been promulgated by the industry and the union under which claimant would be considered to have left the industry and would lose his seniority rights should he fail to work at least 10 days under a contract for the union for any period of 365 days. (See discussion of a similar regulation in *Matter of Fiol [Calmar S. S. Corp.—Corsi]*, 284 App. Div. 519, affd. 309 N. Y. 661.)

The job offer which claimant refused and upon which his disqualification is predicated was of nonunion employment in a Federal civil service position with the Military Sea Transport Service. The offer came through the California Department of Employment and not through the union hall and there was evidence that the California authorities did not consider refusal of such employment to be without good cause if within the 90-day period of a claimant's shipping card; and there was proof, also, that the offer would not have been transmitted in this case except for a miscomputation of the 90-day period.

The basis of the decision appealed from seems to be the finding: " At the time of the job offer, he had been unemployed for less than six months and his rights to fringe benefits as a union member were in no immediate jeopardy." We find no substantial evidence supportive of the determination. The uncontradicted proof is that claimant could not ship in any classification other than electrician; and that usually he was able to ship out in two to four months. Hence it might well occur that, if, within the six months' period remaining, claimant had accepted the offer of Government employment and signed for a voyage which might have lasted over two months, his union rights might be lost; and this follows without reference to the Government regulation of some stringency (appearing in appellant's brief but not in the record) as to quitting or resigning from a ship, even in an American port, before the end of the voyage. Absent any substantial evidence supportive of the board's decision or contradictory of claimant's proof, we find applicable the provision that " No refusal to accept employment shall be deemed without good cause nor shall it disqualify any claimant otherwise eligible to receive benefits if (a) acceptance of such employment would either require the claimant to join a company union or would interfere with his joining or retaining membership in any labor organization " (Labor Law, § 593, subd. 2). Respondent contends that there is no evidence that acceptance of the job offer would have interfered with claimant's retention of membership in his union; but it seems clearly inferable that the loss of his seniority rights to the already limited employment

opportunities might reasonably be expected to initiate a downward spiral leading to loss of benefits if not of membership and that seems the purport of the testimony of the witness Jordan. However, that issue is susceptible of proof, upon remittal, and any party is entitled to apply for a further hearing, should he be so advised.

Claimant's additional contention — as to the substantially less favorable compensation and conditions in the employment refused — was not in issue before the board and we do not pass upon it.

The decision should be reversed, with costs to appellant, and the case remitted for further proceedings not inconsistent herewith.

BERGAN, P. J., HERLIHY and REYNOLDS, JJ., concur.

Decision reversed, with costs to appellant, and case remitted for further proceedings not inconsistent herewith.