**Gerald N. MIVILLE**

v.

**MAINE EMPLOYMENT SECURITY COMMISSION and Samuel B. Gass.**

Supreme Judicial Court of Maine.

May 20, 1966.

Berman, Berman, Wernick & Flaherty, by Theodore H. Kurtz, Portland, for plaintiff.

Milton Bradford, Asst. Atty. Gen., Augusta, for Maine Employment Security Commission.

Irving Isaacson, Lewiston, for defendant Gass.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, RUDMAN and DUFRESNE, JJ.

RESCRIPT.

WEBBER, Justice.

This is an appeal from a decision of the Superior Court affirming a decree issued by the Employment Security Commission disqualifying the appellant from receiving benefits under the Employment Security Law. At a prior stage the matter had been fully heard by an Appeal Tribunal established by the Commission pursuant to 26 M.R.S.A. Sec. 1194(4). This Tribunal found the basic facts as follows:

"On August 24, 1964, the claimant was offered re-employment by this employer as a truck driver at the same pay and the usual hours he had worked up to his time of separation on August 20, 1964. According to the claimant, at the time he was offered re-employment on August 24, 1964, he was told he could return to work provided he did not 'talk Union' to the employees. The claimant advised the employer that he would not return to work with this condition, but would return provided he could 'talk Union.' The claimant did not accept the offer of re-employment. * * * The claimant contends that the offered work was unsuitable because as a condition of employment he must refrain from Union activity."

Without specifically finding the facts in accordance with the claimant's version thereof, the Tribunal seems to have adopted the theory that even accepting the claimant's narration of events as the correct one, the

claimant is nevertheless disqualified as a matter of law. We therefore treat the case as though the facts had been found as stated above, there being evidence to support such finding. By agreement no new evidence was adduced either before the Commission or the Superior Court nor were any findings of fact made at these appellate levels. In each instance decision appears to have been made on the basis of the impact of the applicable law upon the facts as found by the Appeals Tribunal.

26 M.R.S.A. Sec. 1193 contains the following pertinent provisions:

"An individual shall be disqualified for benefits: * * *

3. Refused to accept work. If he has refused to accept an offer of *suitable work* for which he is reasonably fitted, * * *;

A. In determining whether or not any work is suitable for an individual, the commission shall consider the degree of risk involved to his health, safety and morals, his physical fitness and prior training, his experience and prior earnings, his length of unemployment and prospects for securing local work in his customary occupation, and the distance of the available work from his residence.

B. Notwithstanding any other provisions of this chapter, no work shall be deemed *suitable* and benefits shall not be denied under this chapter to any otherwise eligible individual for refusing to accept new work under any of the following conditions:

(1) If the position offered is vacant due directly to a strike, lockout or other labor dispute;

(2) If the wages, hours or other conditions of work are substantially less favorable to the individual than those prevailing for similar work in the locality;

(3) If as a condition of being employed the individual would be required *to join a company union or to resign from or refrain from joining any bona fide labor organization."* (Emphasis supplied)

The Appeals Tribunal found that the work offered was "suitable" within the terms of the statute (supra) and specifically stated: "It is not evident from the record that as a condition of re-employment the claimant would have been required to join a company union or to resign from or refrain from joining any bona fide labor organization." The Commission merely affirmed the decision of the Appeals Tribunal and found that "the claimant chose to refuse the offers of re-employment of (sic) suitable work for which he is reasonably fitted." The Superior Court found no error of law, nor do we.

The evidence nowhere clarifies exactly what was understood or intended by the use of the phrase "talk Union." In a sense both employer and potential employee were imposing conditions and were at an impasse with respect to Union activity on the job. The claimant testified at one point: "I told him (the employer) I would come back to work under the conditions that I could talk freely to the boys about a Union." The condition thus imposed by the claimant is in terms broad enough to include the right to engage in Union activity on company premises and company time. Since the claimant has a legitimate and proper interest in furthering Union organization and the employer has a natural and equally proper concern for maintaining operational efficiency during and intention of the statute and the withholding of benefits for the period fixed by the order was proper.

■ The basic philosophy of the unemployment compensation program has been one of absolute neutrality in such situations. We adhered to that position in Bilodeau v. Maine Employment Security Comm., (1957) 153 Me. 254, 264, 136 A.2d 522, 528, and

there stated: "This Act was never intended to lend itself as a medium through which financial aid would be provided for the prosecution and support of a labor dispute. Such use of the Act would be against public policy."

It has frequently been urged in other jurisdictions that work is not "suitable" within the meaning of the Act if the conditions of employment run counter to the beliefs and desires of the claimant with respect to affiliation with or requirements imposed by a Union. With virtual unanimity courts dealing with such contentions have declined to enlarge the criteria established by statutes similar to 26 M.R.S.A. Sec. 1193 (3 B (3)) quoted above.

Where claimant refused an offer of work because he would be compelled to join a bona fide labor organization, the work was held to be "suitable" and benefits were denied. Beckert v. Administrator Unemployment Compensation Act, (1955) 20 Conn.Sup. 9, 119 A.2d 122.

Conversely, where claimant was a union member and the work offered him was in a non-union shop and where claimant risked expulsion from his union, held "suitable" work. Bigger v. Unemployment Compensation Comm., (1947) 4 Terry 553, 53 A.2d (Del.) 761, 766. See also Barclay White Co. v. Unemployment Compensation Board of Review, (1947) 356 Pa. 43, 50 A.2d 336; Chambers v. Owens-Ames-Kimball Co., (1946) 146 Ohio St. 559, 67 N.E.2d 439, 165 A.L.R. 1373; Mills v. Mississippi Employment Security Comm., (1956) 228 Miss. 789, 89 So.2d (Miss.) 727, 56 A.L.R.2d 1010; Thornbrough v. Stewart, (1960) 232 Ark. 53, 334 S.W.2d 699; Anno. 56 A.L.R.2d 1015.

 The claimant in essence seeks to have the above quoted statute amended by judicial interpretation in such manner as to add a new dimension in the determination of what work is "suitable" for an individual. The suggested enlargement of the criteria for determining what does not constitute "suitable" work is a matter of substance and great importance. Such a change is peculiarly within the province and competence of the Legislature. The Employment Security Law is designed to confer benefits upon unemployed persons under certain carefully stated conditions. It is not designed to regulate or protect the rights of Union organization and representation and of collective bargaining. Such matters are more appropriately dealt with by such enactments as 26 M.R.S.A. Sec. 911 and the National Labor Relations Act. The Employment Security Law enters the labor relations field only to the limited extent specifically delineated in 26 M.R.S.A. Sec. 1193 (3B) (and Sec. 1193(4) not applicable here). Any change in these criteria must await the action of the Legislature. Suffice it to say that the work offered and refused in the instant case was "suitable" within the meaning and intention of the withholding of benefits for the period fixed by the order was proper.

Appeal denied.