339 So.2d 623 (1976)
Jay H. ADAMS, Petitioner,
v.
The AUCHTER COMPANY, a Corporation, and State of Florida Department of Commerce, Industrial Relations Commission, Respondents.
No. 47027.
Supreme Court of Florida.
August 25, 1976.
Rehearing Denied December 13, 1976.
Joseph Egan, Jr., of Hamilton, Douglas & Bennett, Orlando, for petitioner.
Robert C. Lanquist and William H. Andrews, of Hamilton & Bowden, Jacksonville, for respondents.
ENGLAND, Justice.
This case was certified to us by the First District Court of Appeal after it had rendered the decision reported at 304 So.2d 487. The certification recites that the decision passes upon a question of great public interest as contemplated by Article V, Section 3(b)(3) of the Florida Constitution. We agree and accept jurisdiction.
The undisputed facts are set forth in the district court's opinion. The sole question for our review[1] is whether unemployment compensation benefits are payable under Chapter 443, Florida Statutes, to a claimant union member who refuses to accept work of the same type that he normally performs, at wages substantially similar to those he normally receives, because the proposed work is to be performed on a non-union job. Cast in the language of our statute, the question is whether a claimant in that position "is able to work and is available to work",[2] or whether he "has failed without good cause ... to accept suitable work when offered to him."[3] We hold that unemployment benefits are not available under these circumstances, thus answering the certified question in the negative.
*624 We can add little to the analysis, reasoning and authorities set forth in the district court's opinion. The decision below is in accord with the view of virtually every state which has considered the same question.[4] It comports with the philosophy of our unemployment compensation law, as expressed in the legislature's declaration of public policy, that funds under the act shall be "used for the benefit of persons unemployed through no fault of their own."[5] For these reasons, we affirm the decision below.
ROBERTS, Acting C.J., and HENSLEY and MELVIN, Circuit Judges, concur.
ADKINS, J., dissents with opinion.
ADKINS, Justice (dissenting).
Petitioner is a carpenter and a member of Carpenter's Local 627. When petitioner became unemployed in 1973, he did not rely solely on his union's work referral service. Rather, he sought employment on his own initiative,[1] and was offered nonunion employment at the rate of $7.00 per hour. He refused the offer.
The union wage scale was $7.56 per hour. If petitioner performed union work and received the union wage, he would "net" $6.65 per hour; the union would keep $.91 per hour to fund its benefit program, which provides union members such benefits as hospitalization plans, vacations, and retirement plans. To remain qualified for the program's benefits, a union member must accumulate a minimum number of hours of union work each year.
Petitioner refused to accept the nonunion employment because it offered no benefits other than an hourly wage, because of his potential loss of all union benefits for that year, and because of possible disciplinary action by his union.
Petitioner had previously applied for unemployment compensation; but because he refused the nonunion employment, his claim was denied by a Department of Commerce claims examiner. Petitioner appealed, and the decision of the claims examiner was affirmed by an appeals referee. Petitioner then appealed to the Industrial Relations Commission, which reversed the administrative decisions below and found petitioner eligible to receive unemployment compensation.
On certiorari, the District Court of Appeal, First District, quashed the order of the Industrial Relations Commission, holding that petitioner was "`able to work and ... available for work' as required by Section 443.05(3), Florida Statutes [1973]" and that petitioner "`failed without good cause ... to accept suitable work when offered to him' within the meaning of Section 443.06(2), Florida Statutes [1973]."[2]
The majority of this Court agrees with the decision of the District Court. The majority opines that the District Court's decision comports with the philosophy of Florida's unemployment compensation law as expressed in the legislative declaration of policy.[3] But a fundamental and more meaningful declaration of policy is embodied in the Declaration of Rights of the Florida Constitution: "The right of employees, by and through a labor organization, to bargain collectively shall not be denied or abridged."[4] This constitutional guarantee is a supervening statement of policy which *625 overrides any legislative declaration. To deny petitioner unemployment compensation is to deny him the right to bargain collectively as a union member. The decision of the District Court penalizes petitioner for exercising a constitutionally protected right. The State cannot ignore this right by compelling petitioner to choose between unemployment benefits and union membership.
While the decision of the District Court may be in accord with the view of other states which have considered the issue now before this Court, decisions of other jurisdictions are not binding on the courts of this state. None of the decisions cited by the District Court[5] are influenced by a constitutional declaration of policy identical to Fla. Const. art. I, § 6, F.S.A. Only two of those jurisdictions, Arkansas[6] and Mississippi[7], have constitutional provisions dealing with the rights of labor or with the right to work. The Arkansas Constitution provides:
"No person shall be denied employment because of membership in or affiliation with or resignation from a labor union, or because of refusal to join or affiliate with a labor union; nor shall any corporation or individual or association of any kind enter into any contract, written or oral, to exclude from employment members of a labor union or persons who refuse to join a labor union, or because of resignation from a labor union; nor shall any person against his will be compelled to pay dues to any labor organization as a prerequisite to or condition of employment."[8]
The Mississippi Constitution provides: "It is hereby declared to be the public policy of Mississippi that the right of a person or persons to work shall not be denied or abridged on account of membership or nonmembership in any labor union or labor organization."[9] These narrowly drafted provisions, guaranteeing the right of employment regardless of union membership or nonmembership, are not comparable to the Florida Constitution's broadly-stated right to bargain collectively.
It is interesting to note, however, that one jurisdiction, New York, has expressed a view opposite that of the District Court.[10] The New York Constitution's Bill of Rights provides: "Employees shall have the right to organize and to bargain collectively through representatives of their own choosing."[11] The similarity to Florida's constitutional guarantee is immediately apparent.
Florida's policy to protect rights of union membership is declared legislatively as well as constitutionally. Fla. Stat. § 447.03, F.S.A. (1973) provides:
"Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own *626 choosing, and to engage in concerted activities, for the purpose of collective bargaining or other mutual aid or protection."
The decision of the District Court is also contrary to a Congressional declaration of policy:
"It is declared to be the policy of the United States to eliminate the causes of certain substantial obstructions to the free flow of commerce and to mitigate and eliminate these obstructions when they have occurred by encouraging the practice and procedure of collective bargaining and by protecting the exercise by workers of full freedom of association, self-organization, and designation of representatives of their own choosing, for the purpose of negotiating the terms and conditions of their employment or other mutual aid or protection."[12]
The decision of the District Court penalizes petitioner for exercising his "full freedom of association," a practice which Congress plainly desired to protect. And the Florida courts were once before chastised by the United States Supreme Court for thwarting this Congressional intent:
"The National Labor Relations Act is a comprehensive code passed by Congress to regulate labor relations in activities affecting interstate and foreign commerce. As such it is of course the law of the land which no state law can modify or repeal....
"... Florida should not be permitted to defeat or handicap a valid national objective by threatening to withdraw state benefits from persons simply because they cooperate with the Government's constitutional plan."[13]
The decision of the District Court should be quashed. It is contrary to a congressional statement of national policy. It is contrary to a legislative statement of Florida policy. And it is an unconstitutional application of Florida's unemployment compensation law in that it abrogates petitioner's right to union membership as guaranteed by Fla. Const. art. I, § 6, F.S.A.
Rehearing denied; ENGLAND, J., and ROBERTS, Ret. J. and HENSLEY and MELVIN, Circuit Judges, concur.
ADKINS, Acting C.J., dissents.
NOTES
[1] Numerous incidental issues raised in this proceeding have been reviewed and resolved in the district court's opinion. We have considered and approve of their disposition below. A number of other arguments presented here for the first time have also been considered, and found to be without merit.
[2] Section 443.05(1)(c)(1), Fla. Stat. (1973).
[3] Section 443.06(2), Fla. Stat. (1973).
[4] See e.g., Norman v. Employment Security Agency, 83 Idaho 1, 356 P.2d 913 (Idaho 1960); 56 A.L.R.2d 1015.
[5] Section 443.02, Fla. Stat. (1973).
[1] It is generally recognized that an unemployment compensation claimant must actively look for work in order to be qualified for benefits. See Florida Indus. Comm'n v. Ciarlante, 84 So.2d 1, 4 (Fla. 1955); Dawkins v. Florida Indus. Comm'n, 155 So.2d 153, 154-55 (Fla. App.2d 1963); Teague v. Florida Indus. Comm'n, 104 So.2d 612, 614 (Fla.App.2d 1958). To that extent, at least, petitioner's actions were wholly consistent with the intent of Florida's unemployment compensation law.
[2] Auchter Co. v. Florida Dep't of Commerce, Indus. Relations Comm'n, 304 So.2d 487, 488 (Fla.App.1st 1974).
[3] See Fla. Stat. § 443.02 (1973).
[4] Fla. Const. art. I, § 6.
[5] See Thornbrough v. Stewart, 232 Ark. 53, 334 S.W.2d 699 (1960); Lemelin v. Adm'r, Unemployment Compensation Act, 27 Conn.Sup. 446, 242 A.2d 786 (1968); Bigger v. Unemployment Compensation Comm'n, 53 A.2d 761 (Del. 1947); Norman v. Employment Security Agency, 83 Idaho 1, 356 P.2d 913 (Idaho 1960); Miville v. Maine Employment Security Comm'n, 219 A.2d 752 (Me. 1966); Mississippi Employment Security Comm'n v. Mixon, 159 So.2d 181 (Miss. 1964); Chambers v. Owen-Ames-Kimball Co., 146 Ohio St. 559, 67 N.E.2d 439 (1946); Barclay White Co. v. Unemployment Compensation Bd. of Review, 356 Pa. 43, 50 A.2d 336 cert. denied, 332 U.S. 761, 68 S.Ct. 63, 92 L.Ed. 347 (1947).
[6] See Thornbrough v. Stewart, supra note 4.
[7] See Mississippi Employment Security Comm'n v. Mixon, supra note 4.
[8] Amend. 34, § 1, Ark.Const., Ark.Stat.Ann. (1947).
[9] Art. 7, § 198-A, Miss.Const., Miss. Code Ann. (1972).
[10] In re Grandin's Claim, 19 A.D.2d 448, 243 N.Y.S.2d 902 (1963), concerned a union member who refused an offer of nonunion employment because acceptance might have resulted in the loss of valuable union benefits. The New York court held that he should not have been denied unemployment compensation benefits because he refused the offer.
[11] Art. 1, § 17, N.Y.Const., 2 N.Y.Consol.Laws Ann. (McKinney 1969).
[12] National Labor Relations Act § 1, 29 U.S.C.A. § 151 (1973).
[13] Nash v. Florida Indus. Comm'n, 389 U.S. 235, 238-39, 88 S.Ct. 362, 19 L.Ed.2d 438 (1967).