409 So.2d 62 (1982)
Alvie Lee GRIFFIN, Appellant,
v.
PARRISH CONSTRUCTION & DOOR SERVICE and Kemper Insurance Company, Appellees.
No. YY-490.
District Court of Appeal of Florida, First District.
January 11, 1982.
Rehearing Denied February 25, 1982.
*63 Ronald J. Langa and Herbert H. Hall, Jr. of Maher, Overchuck, Langa & Cate, Orlando, for appellant.
Steven A. Rissman of Cooper & Rissman, Orlando, for appellees.
JOANOS, Judge.
Claimant appeals from a workers' compensation order in which he was denied permanent partial disability benefits in excess of the anatomical ratings assigned by the physicians. The deputy commissioner limited the award upon a finding that claimant had failed to test his employability or wage earning capacity on the open labor market.
Claimant Griffin testified that he would lose his union benefits if he accepted non-union work. He said that he would not take a non-union job if it was available and at the time of the hearing, he had not sought work outside the union. He also testified to missing appointments with rehabilitation personnel, characterized the rehabilitation process as unhelpful because he was not going to work for minimum wage, and stated that he could not look for work since it was against union hiring rules.
Claimant argues on appeal that the requirement that he make a job search outside his union infringes upon his constitutionally and federally protected right to be a union member. He urges that the threshold requirement of an adequate open labor market search forces him to choose between receiving benefits under the act and retaining his union membership and, is, therefore, an intrusion into the federally pre-empted area of labor-management relationships. We disagree and affirm.
The Florida Supreme Court has made it clear that an award of compensation based upon the reduction of wage earning capacity requires the claimant to show that he has tested his employability in the open labor market after reaching maximum medical improvement. Exxon Co. v. Alexis, 370 So.2d 1128, 1132 (Fla. 1978).
Claimant's challenge based on federal pre-emption is not well-founded. First, the federal district court decision involving unemployment compensation upon which he relies heavily, Hawaiian Tel. Co. v. State of Hawaii, etc., 405 F. Supp. 275 (D.C.Haw. 1975), was reversed on appeal. See Hawaiian Tel. Co. v. State of Hawaii, etc., 614 F.2d 1197 (9th Cir.1980). Also see New York Telephone Co. v. New York Dept. of Labor, 440 U.S. 519, 99 S.Ct. 1328, 59 L.Ed.2d 553 (1979), wherein the U.S. Supreme Court refused to find that the National Labor Relations Act pre-empted the New York state unemployment compensation act despite the recognized impact on the federally protected bargaining process of New York's requirement that the employer pay unemployment compensation to striking workers. By comparison, in the present case, the impact of the Florida Workers' Compensation Act, as applied, upon the collective bargaining process is negligible, if not non-existent. Further, in Adams v. Auchter, 339 So.2d 623 (Fla. 1976), the Florida Supreme Court held that unemployment compensation was not payable to a claimant union member who refused to *64 accept a non-union job on the ground that acceptance would jeopardize his union rights. In the Adams case, the Florida Supreme Court affirmed this Court's opinion, Auchter Co. v. Florida Department of Commerce, Industrial Relations Commission, 304 So.2d 487 (Fla. 1st DCA 1975). We note especially Judge McCord's observation at page 492 of this Court's opinion in that case, that any infringement of claimant's rights resulted from union action, not state action. We believe that comment is equally applicable to this case although it involves workers' compensation rather than unemployment compensation.
AFFIRMED.
ERVIN and WENTWORTH, JJ., concur.