MILLS, Judge.
Port Carriers, Inc. (employer) appeals an order of the Unemployment Appeals Commission which affirmed an Appeals Refer *911 ee’s ruling that the employer was not an interested party on the issue of Simmons’ (claimant’s) availability for work. We reverse.
The claimant is a union longshoreman in Jacksonville. The employer is a warehouse operator at the Port of Jacksonville. The employer’s labor needs are satisfied through the union on a day to day basis. Before 5 p. m., the employer notifies the union of its labor needs for the next day. The union sends the men over from the union hall the next morning. This process is repeated daily. The union has a seniority system for assigning the available work.
The claimant sought unemployment compensation. A claims adjudicator ruled that the claimant was released due to lack of work. The employer, responsible for 15% of the claimant’s employment for the previous year, appealed. The appeals referee remanded for a determination on the issue of whether the claimant was unemployed. The adjudicator found that “we cannot determine that [claimant] was not unemployed.” The employer’s record was charged with a pro rata share of the claimant’s benefits. The employer again appealed. The referee entered an amended order in the first appeal, finding that the claimant was discharged, but not for misconduct, and was entitled to benefits. Under a separate docket number he dismissed the second appeal, holding that the employer was not an interested party on the issue of availability or actual unemployment. The employer appealed this decision to the full Commission. The Commission, noting that no appeal had been filed from the order remanding and the amended order under that docket number, found the dismissal of the second appeal to be in accordance with law and affirmed. The employer appeals to this Court.
The employer argues that the claimant has not made himself available for work, since he seeks employment only through his union. See Griffin v. Parrish Construction & Door Service, 409 So.2d 62 (Fla. 1st DCA 1982).
The Commission based its decision upon its reading of §§ 443.101 & 443.151 Fla. Stat. (1981) (the chapter was reorganized by the 1980 legislature; for clarity only the current section numbers will be used in this opinion), coupled with Rule 38B-2.14 F.A.C.
Section 443.091 Fla.Stat. (1981) establishes availability for work as a condition for benefit eligibility. Section 443.-151(3)(a) requires notice of claim determination for all chargeable employers. The appellant is a chargeable employer, and it received notice of the determination. Section 443.151(3)(c) calls for notice of redeter-minations in the same manner as initial determinations. This section, however, is complicated by § 443.151(3)(d), allowing the Division of Employment Security of the Department of Labor and Employment Security to establish rules specifying which employers are entitled to notice of redeter-minations under § 443.101. The division did this in Rule 38B-2.14 F.A.C. The right to appeal is given to parties entitled to notice, § 443.151(4)(b). The Commission argues that § 443.151(3)(d) Fla.Stat. (1981) cuts off the right to appeal § 443.091 issues. We disagree. By its plain language § 443.-151(3)(d) applies only to § 443.101 issues. The more general provisions of § 443.-151(3)(c) apply in redeterminations based on other sections. The employer is raising a § 443.091 issue, so § 443.151(3)(d) has no application, and therefore neither would Rule 38B-2.14. Applying § 443.151(3)(c), the Unemployment Compensation Law gives the employer a right to appeal § 443.-091 issues.
We note that an employer’s contribution rate is based on its experience rating, a measure of the benefits paid to its (ex)employees. Thus, the employer’s substantial interests are affected by the determination of an employee’s right to benefits. Section 120.57 Fla.Stat. (1981) applies to any such determination. No hearing has been given to the employer on the issue of availability. The Administrative Procedure Act, as well as due process, requires that the employer receive a hearing.
*912 We note that the issue of availability has been litigated before the Commission and the courts in Auchter Co. v. Florida Department of Commerce, 304 So.2d 487 (Fla. 1st DCA 1974), aff’d. sub nom.; Adams v. Auchter Co., 339 So.2d 623 (Fla.1976), and in National Airlines v. Division of Employment Security, 379 So.2d 1033 (Fla. 3d DCA 1980).
The parties have argued the merits of the availability issue to us, but we decline to rule on them at this time. The appropriate time for an appellate court to rule on these issues is after an evidentiary proceeding culminating in a final order. No such proceeding was held in this case.
The order below is reversed and remanded for further proceedings in accordance with this opinion.
LARRY G. SMITH and SHAW, JJ„ concur.