SHIVERS, Judge.
The employer/carrier appeal the deputy commissioner’s order awarding claimant wage-loss benefits for the period from July 28, 1982, through March 4, 1983. We affirm the award of wage-loss benefits from July 28, 1982, through the end of November of 1982, but reverse the award of wage-loss benefits as to the other months.
Claimant, a union plumber, injured his lower back and hand in a compensable accident on January 23, 1981. After his accident, claimant continued to perform light plumbing work for union employers until January of 1982. The employer/carrier thereafter voluntarily paid claimant temporary total disability benefits from January 28, 1982, through July 23,1982. As of July 28, 1982, claimant’s treating physician determined that claimant had reached maximum medical improvement. Subsequently, claimant filed requests for wage-loss benefits for the months of August through November of 1982. Attached to these requests were job search lists showing that claimant had contacted the Florida State Employment Service, rehabilitation personnel, the union, and several businesses in an effort to obtain employment. The employer/carrier controverted claimant’s request for wage-loss benefits on the basis that claimant’s job search lists did not demonstrate an adequate work search.
Hearings were held on claimant’s claim for wage-loss benefits, among other matters, on December 27, 1982, February 21, 1983, and March 4, 1983. At the first such hearing, the requests for wage-loss benefits for the months of August through November of 1982 were introduced into evidence. Claimant testified that the job search lists attached to these requests constituted all the places that claimant looked for work during the months of August through November. However, claimant did not testify, nor was any evidence introduced, as to claimant’s efforts to obtain employment in December. At the next hearing held on February 21, 1983, claimant testified that he had not gone to work at all since the last hearing and, in connection with a job search, that he had called up the union and they had nothing. At the final hearing held on March 4, 1983, no testimony or other evidence was introduced as to claimant’s job search. Based on the foregoing, the deputy commissioner awarded wage-loss benefits from July 28, 1982, through March 4, 1983.
We find and hold that there is competent, substantial evidence in the record to support the award of wage-loss benefits for the period July 28, 1982, through the end of November 1982. However, we find that claimant’s testimony at the February 21, 1983, hearing that he had contacted the union and they had nothing does not support an award of wage-loss benefits for the period of December through the date of the last hearing on March 4, 1983. See, e.g., Paul Lawhon Plumbing Company v. Cave, 427 So.2d 1093 (Fla. 1st DCA 1983); Griffin v. Parrish Const & Door Service, 409 So.2d 62 (Fla. 1st DCA 1982). Accordingly, the award of wage-loss benefits for the period December 1, 1982, through March 4, 1983, is reversed.
AFFIRMED in part, REVERSED in part.
JOANOS and THOMPSON, JJ., concur.