PER CURIAM.
Claimant appeals a workers’ compensation order establishing his average weekly wage and denying him temporary total disability benefits. We affirm in part and reverse in part.
As to claimant’s argument that the deputy erred in denying temporary partial disability benefits based on claimant’s failure to search for nonunion work, we affirm. Griffin v. Parrish Construction & Door Service, 409 So.2d 62 (Fla. 1st DCA 1982).
In determining average weekly wage, the deputy combined claimant’s wages and union benefits for the thirteen weeks preceding his accident and divided the total by thirteen. This is the appropriate manner of determining average weekly wage under section 440.14(l)(a), Florida Statutes. It was inappropriate in this case, however, because claimant did not work “substantially the whole of 13 weeks” prior to his accident. The deputy’s calculations would have been appropriate if he had made a factual finding that claimant was a “part-time worker” within the meaning of section 440.14(l)(f), Florida Statutes; however, he failed to make such finding. Section 440.14(l)(f) requires that, in order to find an employee to be a part-time worker, *510 it must be established that he (1) was a part-time worker at the time of his injury, (2) had adopted part-time employment as his customary practice, and (3) under normal working conditions, probably would have remained a part-time worker during the period of disability. We reverse the deputy’s order and remand for the above findings and a proper determination of average weekly wage.
AFFIRMED in part and REVERSED in part.
JOANOS, THOMPSON and ZEHMER, JJ., concur.