629 So.2d 858 (1993)
SUN STATES SERVICES, INC., d/b/a Always Care, Appellant,
v.
FLORIDA UNEMPLOYMENT APPEALS COMMISSION and Maria L. Berger, Appellee.
No. 92-3161.
District Court of Appeal of Florida, Fifth District.
August 27, 1993.
Mark A. Hanley, and Gregory A. Hearing of Thompson, Sizemore & Gonzalez, P.A., Tampa, for appellant.
William T. Moore, Tallahassee, for appellee, Florida Unemployment Appeals Com'n.
No appearance for appellee, Maria L. Berger.
GRIFFIN, Judge.
This is an appeal by an employer of a final order determining that a claimant is entitled to unemployment compensation. We reverse.
Sun States Services, Inc. d/b/a Always Care ("Sun") is a temporary nursing service which provides its clients with in-home nursing care. The claimant, Maria L. Berger ("Berger"), was employed by Sun as a home health aide who worked on a live-in basis. Under her arrangements with Sun, Berger was offered work as it became available with no minimum work guarantee, and she was permitted to accept or refuse each temporary assignment without suffering any penalty.
Berger filed a claim for unemployment compensation on March 23, 1992 because of a "lack of work". Two days after she filed her *859 claim, she was offered a temporary assignment by Sun which she refused because she had no transportation. Berger was also offered work by Sun on March 28 and April 7, 1992, which she again refused because of a lack of transportation.
Because Berger had been offered employment subsequent to filing her claim, the examiner assigned by the Division of Unemployment Compensation (the "Division") apparently focused on whether she was disqualified for benefits under section 443.101(2), Florida Statutes (1991), for "fail[ing] without good cause ... to accept suitable work... ." There is no indication whether the examiner ever considered whether Berger was eligible for unemployment, within the meaning of section 443.091(1)(c)1, Florida Statutes (1991). The claim determination stated only that benefits were payable by Sun because "the offer of suitable work was refused with good cause." The determination advised Sun it had 20 days to file a request for reconsideration or an appeal.
In response to the claim determination, Sun timely sent the Division a letter requesting a "reconsideration and appeal", arguing at length that Berger was not eligible for unemployment because she had not been "available for work" within the meaning of section 443.091(1)(c)1. Sun relied on certain case authorities, mainly North Miami General Hospital v. Plaza, 432 So.2d 723 (Fla. 3d DCA 1983), for the proposition that employees who work on an "as needed" basis are not entitled to unemployment for those periods in which they are given less than full-time employment.
Upon receipt of Sun's letter, the claim was set for hearing before the appeals referee. At the hearing, the referee refused to consider whether Berger was eligible for unemployment because this issue was not addressed in the claim determination. He announced he would consider only the issue of whether Berger had been disqualified from obtaining benefits by refusing work with Sun after filing for unemployment compensation. In a written order, the referee affirmed the determination of the original claims examiner, finding that the claimant had "good cause" for refusing the work offered by Sun. The order was later affirmed by the Unemployment Appeals Commission (the "Commission").
On appeal, Sun again contends that Berger was ineligible for unemployment because she was not "available for work" within the meaning of section 443.091. The Commission contends that Sun cannot raise the availability issue on appeal because the issue of Berger's availability for work was not addressed by the claims examiner, the appeals referee or the Commission. During oral argument this issue appeared to narrow to the lack of record proof that Sun had brought the "availability" issue to the attention of the examiner.
We reject the Commission's argument that the issue of Berger's "availability for work" could not be raised before the appeals referee because it was not expressly addressed by the examiner or because of a lack of proof in the record that the issue had been presented to the Division. We can find no express requirement that Sun be required to prove that it asserted the lack of "availability" at the examiner level and the Commission has cited us none. See generally Fla. Admin. Code R. 38B-3.017. Chapter 443 places the duty on the Division affirmatively to determine that a claimant is "able to work and available for work" prior to making an award of benefits. § 443.091(1)(c)1, Fla. Stat. (1991). It appears that the claims examiner assigned by the Division either failed to ascertain whether Berger was "available for work" or implicitly determined that Berger was available for work in addressing whether Berger had been disqualified for benefits by refusing work offers.
Sun timely filed both a request for reconsideration and an appeal of the Division's determination of eligibility. After searching the statute and rules for a contrary indication, it appears this was adequate to entitle Sun to a proper determination at that time, either by the Division or the appeals referee. Section 443.151, Fla. Stat. (1991). It seems wasteful, both at the Division level and on appeal, to consider whether Berger had "good cause" for refusing the work offered by Sun after she filed for unemployment until her eligibility for benefits has been *860 determined. See Fla. Admin. Code R. 38E-5.024(1)-(3)(c).
Because neither the Division nor the appeals referee would address it, Berger has not been heard on the issue of whether she was "unemployed" or "available for work" for the purposes of obtaining unemployment compensation. Accordingly, we remand for this determination to be made. Cf. Port Carriers, Inc. v. Simmons, 412 So.2d 910 (Fla. 1st DCA 1982).
REVERSED AND REMANDED.
HARRIS, C.J., and DIAMANTIS, J., concur.