932 So.2d 360 (2006)
NEW POINTE, INC., Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION and Carl L. Stuart, Appellees.
No. 2D05-2194.
District Court of Appeal of Florida, Second District.
March 17, 2006.
Wilson T. Trammell and Talbot W. Trammell of Trammell & Trammell, Tallahassee, for Appellant.
Geri Atkinson-Hazelton, General Counsel, and John D. Maher, Deputy General Counsel, Tallahassee, for Appellee Unemployment Appeals Commission.
No appearance for Appellee Carl L. Stuart.
WALLACE, Judge.
New Pointe, Inc. (the Employer), appeals an order of the Unemployment Appeals Commission (the UAC) affirming the appeals referee's decision that awarded unemployment benefits to Carl L. Stuart (the Claimant). Because the only issues raised by the Employer on this appeal were not before the referee for decision, we affirm the UAC's order.
On this appeal, the Employer does not challenge the UAC's ruling that the Claimant is qualified for benefits because he was not terminated from his employment for misconduct connected with work. Instead, the Employer argues that the Claimant should be disqualified because he failed to carry the burden of proving that he was unemployed or that he was able and available for work.
It is true that the employee has the initial burden of proving that he is eligible for unemployment benefits. Lewis v. Lakeland Health Care Ctr., 685 So.2d 876, 878 (Fla. 2d DCA 1996). In this case, however, the issues of the Claimant's unemployment or his availability for work were not issues before the appeals referee. The notice of hearing stated the issues involved in the appeal as follows:

*361 SEPARATION: Whether the claimant was discharged for misconduct connected with work or voluntarily left work without good cause as provided in Sections 443.101(1), (9), (10), (11); 443.036(29), Florida Statutes; and Rule 60BB-3.020, Florida Administrative Code.
CHARGES TO EMPLOYMENT RECORD: Whether benefit payments made to the claimant shall be charged to the employment record of the employer, pursuant to Sections 443.101(9) and 443.131(3), Florida Statutes, and Rules 60BB-2.026 and 3.018, Florida Administrative Code. (For an employer not chargeable on the current claim, this hearing may determine chargeability on a subsequent claim.)
Thus the only matters at issue before the appeals referee were whether the Claimant was discharged for misconduct or voluntarily left work without good cause and whether benefit payments made to the Claimant should be charged to the Employer.
Absent an informed and intelligent waiver, it would have been improper for the appeals referee to expand the scope of the hearing to include issues not noticed for hearing and to disqualify the Claimant from receiving benefits for a reason not included within the scope of the notice. See Reed v. Unemployment Appeals Comm'n, 863 So.2d 402, 403 (Fla. 2d DCA 2003); Lewis v. Hot Shoppes, 211 So.2d 20, 21 (Fla. 4th DCA 1968). Moreover, the Employer never raised these issues below. In its appeal of the initial determination that the Claimant qualified for benefits, the Employer did not contend that the Claimant was not unemployed or that he was not available for work. Instead, the Employer said: "I do not agree that [sic] was not misconduct. [The Claimant] was not performing his job the way it should have been done." Similarly, at the hearing, the Employer failed to raise the issues it attempts to raise for the first time in this court. Cf. Sun States Servs. v. Fla. Unemployment Appeals Comm'n, 629 So.2d 858 (Fla. 5th DCA 1993) (reversing order awarding benefits and remanding for determination of whether employee was "unemployed" or "available for work" where the employer timely raised these issues and the appeals referee refused to consider them). For these reasons, we find no error, and we affirm the UAC's order.
Affirmed.
ALTENBERND and DAVIS, JJ., Concur.