PER CURIAM.
Kristin H. White, appearing in proper person, appeals an order of the Unemployment Appeals Commission upholding the decision of an appeals referee to deny White unemployment benefits based on a finding that she had refused suitable employment. Because appellant failed to produce a record of the proceedings below, we affirm on the authority of Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979).
White contends that the denial of unemployment benefits was erroneous because the work she declined was not “suitable employment” as defined in section 443.091(l)(c)(3), Florida Statutes (1995).[1] She argues that the employment offered was not suitable in that it paid wages of only $7.00 per hour, substantially less than the $12.74 she alleges was her previous compensation.
The hearing before the appeals referee was not transcribed and no stipulated statement, see rule 9.200(a)(4), Florida Rules of Appellate Procedure, or statement of evidence, see rule 9.200(b)(4), Florida Rules of Appellate Procedure, has been filed in this court in lieu of a transcript. As a result, we cannot properly provide appellate review of the determination that appellant declined suitable employment. As the Supreme Court explained in Applegate:
In appellate proceedings the decision of a trial court has the presumption of correctness and the burden is on the appellant to demonstrate error.
⅝ ⅜ # }fc ⅜ ⅝
When there are issues of fact the appellant necessarily asks the reviewing court to draw conclusions about the evidence. Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court’s judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate *668 court reasonably conclude that the trial judge so misconceived the law as to require reversal.
Applegate, 377 So.2d at 1152.
Accordingly, the order on appeal is AFFIRMED.
BENTON, VAN NORTWICK and PADOVANO, JJ., concur.

. Section 443.091(l)(c)(3), Florida Statutes (1995), provides in pertinent part, as follows: [T]he term “suitable employment” means, with respect to a worker, work of a substantially equal or higher skill level than the worker's past adversely affected employment, as defined for purposes of the Trade Act of 1974, as amended, the wages for which are not less than 80 percent of the worker’s average weekly wage as determined for purposes of the Trade Act of 1974, as amended.