751 So.2d 639 (1999)
Dexter D. SMITH, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION, Appellee.
No. 99-559.
District Court of Appeal of Florida, First District.
December 16, 1999.
Rehearing Denied February 22, 2000.
*640 Dexter D. Smith, Pro Se, Appellant.
John D. Maher, Unemployment Appeals Commission, Tallahassee, for Appellee.
PER CURIAM.
The claimant in the instant case appeals from a final order of the Unemployment Appeals Commission denying unemployment compensation benefits. We reverse.
When the claimant filed an unemployment compensation claim in October 1998, he stated that the reason for his unemployment was that his job was phased out. In its response, the employer agreed with the claimant but protested any award of benefits to him on the ground that the claimant had refused an offer of other work, which the company detailed in an explanatory paragraph. The adjudicator subsequently issued a determination awarding benefits. The order thus implicitly found that the company had not made a bona fide offer of work to the claimant. The company appealed the determination, and after a telephonic hearing, the appeals referee issued a decision reversing the benefits award. In his written order, the appeals referee found that the claimant was discharged for misconduct, resulting from frequent unauthorized absences from work, and thus was disqualified from receiving benefits. In agreement with the adjudicator's determination, however, the referee also found that the employer had not made a bona fide offer of work because a rate of pay was not presented to the claimant. The claimant appealed the denial of benefits to the Unemployment Appeals Commission, which affirmed.
The appellee Commission contends that, because the claimant did not submit a transcript of the telephonic hearing and thus cannot demonstrate reversible error with regard to the appeals referee's findings of fact, this court should affirm. See Applegate v. Barnett Bank, 377 So.2d 1150 (Fla.1979); White v. Unemployment Appeals Comm'n, 714 So.2d 667 (Fla. 1st DCA 1998). We agree insofar as the claimant disputed such findings. Appellant, however, also argues that he was deprived of due process when the appeals referee considered an additional issue of which the claimant had no notice, which was raised by the employer company for the first time at the hearing. In addition, he argues that the conclusions of the appeals referee's order are inconsistent in that he found that appellant had been discharged for misconduct and that the company had not made a bona fide offer of work to the claimant. To determine the due process issue in the instant case, a transcript of the hearing is not required.
The record clearly shows that the sole issue presented to the adjudicator by the employer company was whether the company had offered the claimant a bona fide offer of other employment after essentially phasing out his job, and the adjudicator determined this issue adversely to the company. In its written appeal to the referee, the company made no reference to any new issue, but it is clear from the appeals referee's order that at the telephonic hearing, the company presented a new argument for denying benefits, i.e., that appellant was discharged for misconduct. At the same time, the company continued to maintain that the claimant should be denied benefits because it had made a bona fide offer of other work. Due process requires that the claimant receive proper notice of the issues to be heard or expressly waive such notice; otherwise the claimant is deprived of a fair hearing. See Penton v. Royal Crown Bottling Co., 646 So.2d 267 (Fla. 1st DCA 1994); Lewis v. Hot Shoppes, 211 So.2d 20 (Fla. 4th DCA 1968); Kaufman v. Department of Employment Security, 136 Vt. 72, 385 A.2d 1080 (1978). Appellant clearly lacked any notice that the company's additional and inconsistent claim would be heard before the appeals referee.
Whether the claimant waived such notice at the telephonic hearing is not at *641 issue here because the appeals referee erred as a matter of law in considering the company's additional new basis for denying benefits. With regard to a referee's review of an adjudicator's decision and the power to hear issues not presented to the adjudicator, Florida Administrative Code Rule 38E-5.024(3)(c) (emphasis added) provides as follows:
If the referee determines that the examiner or adjudicator who issued the determination did not apply the correct provision or provisions of law to the factual situation presented, he may modify the determination and with the consent of the parties, expand or otherwise alter the scope of the hearing to include the correct issues involved. If one or more parties object to the change in the scope of the hearing, the referee shall continue the hearing and provide a corrected notice of hearing designating the proper issues.
The appeals referee in the instant case did not determine that the adjudicator had not applied correct law to the facts. To the contrary, the referee found that the company had not made a bona fide offer of other work to the claimant and that the claimant was not disqualified from obtaining benefits on this basis. This conclusion affirmed the adjudicator's application of the law to the facts. The appeals referee thus had no basis under the rule for undertaking consideration of the company's new, additional basis for denying benefits of discharge for misconduct. The referee's expansion of the scope of the hearing to include the additional issue was improper because it was not based on a need to hear the "correct issue." It is clear on the record, that with regard to the only issue properly before the appeals referee, the award of benefits should have been affirmed.
Accordingly, because the claimant was not afforded notice of the company's new claim and the appeals referee was not authorized to consider the additional claim, we reverse the order denying benefits and order that the claimant's benefits be reinstated.
BOOTH, MINER and KAHN, JJ., CONCUR.