FULMER, Judge.
David C. Reed appeals the decision of the Unemployment Appeals Commission disqualifying him from receiving benefits and ordering him to repay $936 in overpaid benefits. We reverse because the appeals referee ruled against Reed on an issue that arose for the first time during the hearing.
Reed initially applied for unemployment benefits in June 2001. He was found eligible to receive temporary extended unemployment compensation in May 2002. The employer, Kelly Services, a temporary employment agency, contested the benefits, claiming that it made Reed an offer to work for thirty-one days on April 23, 2002, *403 and Reed refused the offer due to having other plans. In June 2002, a claims adjudicator found Reed ineligible for benefits from April 21, 2002, because an offer of suitable work was refused without cause. Reed was found to owe $562 in overpaid benefits.
Reed appealed the determination and a telephonic hearing was conducted at which testimony was taken from Karen Webb, the employer representative, and Reed. Webb testified that the only documented offer of work was made to Reed on April 23 by the manager, Alham Ketcham. It was an assignment that started on May 1 and lasted for thirty days. According to an office document, Reed turned down the offer because he said he had other plans for the day.
In response, Reed testified that he was not offered a job on April 28 and he never spoke to Ms. Ketcham. The only offer he had received was on April 9, when he spoke to Karen Webb, who offered him a job for five days, from April 10 through 14. Reed told her he could not work on April 10 because he had plans to attend the theater, but he agreed to work from April 11 through 14. The appeals referee asked Ms. Webb if she recalled making the offer on April 9. She replied that she did recall but that she had not documented the conversation, and “the refusal of work in question was this other date afterwards.”
The appeals referee issued a decision finding that Reed was disqualified from receiving benefits because he had refused an offer of work on April 9, 2002. Reed was ordered to repay $936 rather than the $562 previously held by the claims adjudicator. The appeals referee, however, specifically found that Reed was not offered any work on April 23, 2002. Reed appealed the referee’s decision and the Commission affirmed.
The sole issue presented to the appeals referee by the employer was whether Reed refused suitable work on April 23. The issue of whether Reed refused work on April 9 did not arise until after Reed testified that he had not been contacted for work on April 23. The April 9 job offer was not documented by the employer, and as the employer’s representative acknowledged, it was not the refusal-of-work incident in question at the hearing.
“Due process requires that the claimant receive proper notice of the issues to be heard or expressly waive such notice; otherwise the claimant is deprived of a fair hearing.” Smith v. Unemployment Appeals Comm’n, 751 So.2d 639, 640 (Fla. 1st DCA 1999). The April 9 offer of work had not been an issue before the claims adjudicator, and the appeals referee had no authority to expand the scope of the hearing to include the April 9 incident and to use that incident as the sole reason to disqualify Reed from benefits. See id. Once the appeals referee determined that the employer did not make an offer of work to Reed on April 23, the disqualification of benefits should have been reversed. See id.
Accordingly, we reverse the order of the Commission affirming the referee’s decision and direct that Reed’s benefits be reinstated.
Reversed and remanded.
WHATLEY and NORTHCUTT, JJ„ Concur.