PER CURIAM.
Vicky Arensen appeals from a final order of the Unemployment Appeals Commission dismissing as untimely her appeal of a determination that she is ineligible for unemployment compensation benefits. We conclude that the appeal was timely and that due process concerns require that it be reinstated. Therefore, we reverse and remand for the appeals referee to hold a hearing on the merits of the claim.
Ms. Arensen worked for The Health Center of Merritt for eight years, until she was terminated on June 13, 2008. She applied for unemployment benefits, and an agency employee interviewed her about the circumstances regarding her separation from employment. The employee told her that he would have to contact her employer before benefits could be approved.
Two weeks after this eligibility interview, Arensen received a Wage and Transcript Determination, informing her that she had been approved. She then received regular unemployment benefits until the Spring of 2009. During this time, Ms. Arensen received written confirmation that she was eligible to collect unemployment *938 compensation benefits. The agency sent her a formal notice on December 8, 2008, stating that she was entitled to receive additional benefits under the Emergency Unemployment Compensation Extension Act of 2008. Then, on April 20, 2009, the agency sent her another formal notice stating that she was entitled to receive additional benefits under the Act.
Nine days later, on April 29, 2009, approximately ten months after Arensen began receiving continuous unemployment benefits, the Agency for Workforce Innovation issued a non-monetary Notice of Determination, finding that she had been discharged for misconduct connected with work and that she was therefore ineligible for receipt of benefits. This notice also informed her that she was responsible for repaying the Agency the benefits she had received to date. Finally, the notice advised Arensen that she had twenty calendar days from the mailing date of the determination to file an appeal. The agency did not explain why it had failed to make this determination initially. Nor did it explain why it had implied that it had already determined that Arensen was eligible for benefits.
On May 13, 2009, the Agency mailed Arensen a monetary notice, stating that she had been overpaid $4,831.00, as a result of the determination that she was ineligible to receive benefits. It further stated that she was required to repay the amount of the overpayment. At the bottom of this monetary notice appeared a paragraph stating, “APPEAL RIGHTS: This overpayment determination will become final unless an appeal is filed within 20 calendar days after the mailing date shown. If the 20th day is a Saturday, Sunday or State holiday, the appeal may be filed on the next business day.” (emphasis in original) It went on to give the URL, mailing address and fax number for filing an appeal online, via U.S. mail, or via fax, respectively. It then explained that the filing date for appeals filed by mail is the postmark date. Below this paragraph appeared a line that read, “Appeal Deadline Date: 06/02/2009.” No similar line stating a specific appeal deadline date appeared on the non-monetary Notice of Determination mailed on April 29, 2009.
Subsequently, Ms. Arensen filed a handwritten letter of appeal. The first sentence of the appeal letter stated, “I am writing to appeal the determination of an overpayment of my unemployment benefits.” While the postmark on the appeal was more than twenty days after the mailing date of the April 29, 2009, non-monetary notice, it was within the twenty-day window for an appeal from the monetary notice the agency had mailed to Arensen on May 13th.
After she filed her notice of appeal, the Agency sent yet another monetary notice. This one indicated that it had been mailed on June 9, 2009. It was identical to the first monetary notice, except that it stated that Ms. Arensen had been overpaid an additional $3,864.00 for a total overpayment of $8,695.00, all of which Arensen was required to repay. At the bottom of this monetary notice appeared the same paragraph containing appeal information as in the first monetary Notice of Determination. Below this paragraph appeared a line that read, “Appeal Deadline Date: 06/29/2009.”
On June 11, 2009, two days after the second monetary notice, the agency mailed Arensen a third and final monetary notice. This notice informed her that she had been overpaid $200.00, in addition to the prior overpayment determinations, and that she was required to repay the total of all the overpayments, which now came to $8,895.00. Again, the third monetary notice contained the same appeal information *939 paragraph, and below this paragraph appeared a line that read, “Appeal Deadline Date: 07/01/2009.”
A telephone hearing on Arensen’s appeal was held on July 1, 2009, at which Arensen represented herself. The appeals referee informed Arensen and the employer’s representative at the outset of the hearing that the first issue for determination would be whether the appeal had been timely filed and that, if it were found to be timely, the referee would go on to take evidence on the merits of the claim. After questioning Ms. Arensen, the appeals referee concluded that she had not timely filed the appeal, because more than twenty days had elapsed between the mailing date of the original nonmonetary notice and the date she mailed her appeal letter. The referee dismissed the appeal, and the Commission affirmed the dismissal. Ms. Arensen then filed a timely appeal to this court.
A claimant has twenty days after the agency mails its notice of determination to file an appeal of that determination. See § 443.151(3)(c) and (4)(b), Fla. Stat.; rule 60BB-5.007, Fla. Admin. Code. The time limit is jurisdictional and requires dismissal of appeals filed after the twenty-day deadline. The same twenty-day time limit applies to appeals from nonmonetary determinations. See § 443.151(3)(b), Fla. Stat.
Ms. Arensen plainly did not file her notice of appeal within twenty days from the April 29, 2009 mailing date of the original nonmonetary notice by the agency. However, at the hearing, she testified that she was confused by this notice, because the agency had led her to believe that she had been finally approved for benefits, by telling her repeatedly that she was approved for benefits and by paying her those benefits for ten months. In the circumstances of this case, we conclude that the appeal was timely and that it should not have been dismissed.
There is substantial basis in the record on which to conclude that the claimant relied on the first of the three monetary notices for the date by which she must file her appeal and that it was this first monetary determination that she intended to appeal. The nonmonetary notice was mailed on April 29, 2009. Shortly thereafter, the agency mailed the claimant the first of three nearly identical monetary notices on May 13, 2009. This first monetary notice, like the nonmonetary notice, was a one-page document entitled “Notice of Determination.” Unlike the non-monetary notice, it stated a specific date by which her appeal letter must be postmarked: June 2, 2009.
It is this initial monetary determination of May 13th that Ms. Arensen intended to appeal. Indeed, the first sentence of her appeal letter stated, “I am writing to appeal the determination of an overpayment of my unemployment benefits.” She may have believed that the monetary and the nonmonetary determination constituted a single agency action with the same appeal deadline. In any event, she seems to have been aware of the deadline for the first monetary determination and she filed her appeal by that date. Her appeal letter was postmarked May 26th, and if she was relying on the June 2nd deadline indicated in the first monetary notice, she would have had good reason to believe that her appeal was timely filed.
Although Ms. Arensen referred during the hearing to multiple notices, the referee appears to have been under the impression that she had received only the nonmone-tary notice or that she understood that it was the mailing date of the nonmonetary notice that controlled the timeliness of her appeal. The first monetary notice gave an appeal deadline of June 2, 2009. The non- *940 monetary notice specified no deadline date; it merely stated that she had twenty days from the mailing date of the notice to appeal. If indeed the claimant saw the June 2nd date on the first monetary notice and took that as the controlling deadline, as it appears she did, this would not only explain the confusion at the hearing, but also her failure to file earlier than she did on May 26th, after admittedly reading the statement on the notices of the twenty-day time to appeal.
Assuming the claimant intended to appeal from the May 13th monetary notice, a reversal and remand for a merits hearing is required on due process principles. See Borkowski v. Fla. Unemp. Appeals Comm’n, 930 So.2d 634 (Fla. 1st DCA 2006) (reversing and remanding Commission’s dismissal as untimely of appeal that was timely as to overpayment determination but untimely as to ineligibility determination; holding that, on remand, claimant could raise defenses to eligibility determination in hearing of appeal from adverse benefits overpayment decision); Assam v. Florida Unemp. Appeals Comm’n, 871 So.2d 978 (Fla. 3d DCA 2004) (reversing and remanding the dismissal of an appeal from an eligibility determination on the ground that the appeal was timely from the date of a subsequent overpayment notice).
Apart from the fact that the appeal in this case was timely when measured from one in a series of interconnected notices, the agency acted so slowly in this case as to violate due process. Although the limited record suggests that the employer was partly to blame for the procedural delinquency in this case, the agency itself acted in a way that severely prejudiced the claimant. For whatever reason, it paid the claimant for at least ten months before finally notifying her that she was disqualified from receiving the nearly $9,000 in benefits it had paid her up to that point. It then ceased her benefits without affording her notice or an opportunity to be heard on the merits of her claim.
It is true that initial eligibility determinations are frequently issued, followed by the payment of benefits for a short time, which must ultimately be repaid when the agency later determines that the claimant is, in fact, disqualified from receiving benefits when the employer contests the claim in a timely fashion. Here, however, the record indicates in more than one way that, although it did not issue a written nonmonetary notice before April 29, 2009, the agency did indeed determine that the claimant was eligible for benefits within two weeks of the date she filed her claim. If not a formal determination, the agency certainly made a de facto determination of eligibility, by force of its actions and the documentation it issued over the course of nearly a year. Thus, the claimant essentially became entitled to the continued receipt of benefits, and the agency suddenly ceased them and demanded repayment on a retroactive finding of ineligibility, all without a hearing. In issuing the nonmon-etary notice on April 29, 2009, the agency was, in effect, making a redetermination, not an initial determination. In so doing, and in dismissing her appeal, it violated her due process rights.
The prolonged delay in the determination of ineligibility, after the agency took a number of actions leading her to believe that Ms. Arensen had been approved, including paying her benefits for the better part of a year, substantially impaired the fairness of the proceedings. As the record reveals, after filing her claim in June of 2008, Ms. Arensen spoke with an agency employee, who informed her that the agency would have to contact her employer before ruling on her claim. She then received benefits, which would lead her to *941 believe that she was, in fact, eligible. This belief was undoubtedly reinforced by the subsequent notices informing her that she was entitled to receive additional unemployment compensation benefits under an emergency act of Congress.
It is understandable that Ms. Arensen was surprised to learn that her benefits had been disapproved and that she was required to reimburse the agency for the benefits she had been receiving. The non-monetary determination of ineligibility came almost a year after Ms. Arensen first started receiving payments and little over a week after the latter of two notices confirming her continuing eligibility for benefits under the federal emergency extension act. It appears from the transcript of the telephonic hearing that she was confused not only by the prolonged period of payment of benefits, but also by the multiple notices that she received after the original non-monetary notice.
For these reasons, we conclude that the appeal in this case was timely and that Ms. Arensen is entitled to contest both the amount of the overpayment and the original determination of eligibility. We reverse and remand for a hearing on the monetary determination, as well as on the underlying decision.
Reversed and remanded.
DAVIS, PADOVANO, and LEWIS, JJ., concur.