CORTINAS, J.
Rafael 0. Lopez appeals a final order of the Florida Unemployment Appeals Commission affirming an unemployment appeals referee’s conclusion that Mr. Lopez could not receive benefits. Following a telephonic hearing at which Mr. Lopez, his employer, and a co-employee testified, the referee concluded that Mr. Lopez was disqualified from receiving benefits because he had been discharged for misconduct connected with his work. We conclude, after a thorough review of the record and applicable statutes,[1] that the appeals referee’s findings were based on competent substantial evidence and the referee’s credibility determinations. Hines v. Dep’t of Labor and Employment Sec., 455 So.2d 1104, 1106 (Fla. 3d DCA 1984).
Mr. Lopez has also raised a due process issue in his appeal before this Court. He maintains that the basis for the initial administrative determination regarding disqualification — the absence of good cause for an alleged “voluntary quit” — was recast by the appeals referee into a hearing on the topic of misconduct. We reject this argument as well based on the notice of hearing sent by mail to Mr. Lopez some twelve days before the hearing. The issues to be heard were identified as “[wjhether the claimant was discharged for misconduct connected with work or voluntarily left work without good cause.... ” The dual nature of the inquiry was specified in writing and in advance of the hearing, distinguishing this case from those cited by Mr. Lopez.[2] Mr. Lopez thus received “proper notice of the issues to be heard,” and no departure from due process has been demonstrated. Smith v. Unemployment Appeals Comm’n, 751 So.2d 639, 640 (Fla. 1st DCA 1999).
Affirmed.[3]

. Section 443.036(29), Florida Statutes (2010), defines “misconduct” for purposes of a disqualification for unemployment compensation benefits under section 443.101(l)(a)2.

. In those cases, such as Montalbano v. Unemployment Appeals Comm’n, 873 So.2d 417 (Fla. 4th DCA 2004), an issue that had not been identified in the hearing notice was raised for the first time during the course of the appeal hearing.

.We express our appreciation for the professional briefs and oral argument presented on behalf of Mr. Lopez by pro bono counsel and a certified legal intern from the University of Miami School of Law.