SALTER, J.
(specially concurring).
I concur that we are obligated to affirm the order by the Commission and findings *713 of the referee in this case. I write to provide additional facts and analysis, however, for the benefit of the Agency for Workforce Innovation, its adjudicators and appeals referees.
Ms. Luis was a housekeeper at a Holiday Inn Hotel. She maintains that on July 9, 2009, she told her supervisor that she was not feeling well and could only work until midday. She alleges that her supervisor told her that was not a problem, but the next day she was not allowed to clock in to work and was told that the employer had no more work for her.
She applied to the Agency for unemployment benefits and, based on her work history and base wages, received a determination of eligibility for weekly benefits of $144.00 on August 26, 2009. With no apparent basis in the record, a computer-generated notice of determination nearly four months later (December 16, 2009), determined that she was ineligible because she “failed to respond to the Agency’s request for information to substantiate good cause attributable to the employer for quitting the job.” [1] This notice also advised her that she would need to return benefits previously received, $1,872.00, and that any appeal would have to be filed “within 20 calendar days after the mailing date of this determination.” Her appeal was filed one day late and thus was dismissed by the appeals referee below.
Though compelled to join in affirming the dismissal of Ms. Luis’s untimely appeal, I note two recurring problems which call into question the integrity of the administrative appellate process in unemployment compensation cases. First, when the adverse determination was provided to Ms. Luis (and later, when she appealed and a notice of telephonic hearing was sent to her), the record indicates that the adjudicator and Office of Appeals did not include copies of the correspondence, employer responses, or any investigative report on which the adjudicator’s single-sentence adverse determination was based. Because this makes it difficult for the non-attorney claimant to (a) frame his or her written “appeal explanation” on the Agency’s form, and (b) understand what she or he must do to overcome the adjudicator’s conclusion during a telephonic hearing before the referee, I have previously criticized this omission, also noting that the Agency itself states in its Form UCA Bulletin 6E that “copies of all documents available to the referee are enclosed with the Notice of Telephonic Hearing.” Lopez v. A Aaron Super Rooter, Inc., 54 So.3d 575, 578 (Fla. 3d DCA 2011).
Second, when the Agency initially issues a wage transcript and determination of eligibility and commences paying benefits, but then takes several months to issue an adverse administrative adjudication (including a demand for the return of benefits paid in the interim), it can be argued that the delay “substantially impaired the fairness of the proceedings.” Arensen v. Fla. Unemployment Appeals Comm’n, 48 So.3d 936, 940 (Fla. 1st DCA 2010) (reversing and remanding for due process considerations including a ten-month delay between the initial determination and a subsequent adverse administrative determination). Though acknowledging the Agency’s heavy burden during the current economic recession, there is something palpably unfair about a system in which a *714 claimant, already dealing with the trauma of losing a job and income, is allowed only 20 days (including the transit time for the Agency’s notice) within which to file her or his appeal (or be jurisdictionally barred), versus the open-ended time (here, almost four months) allowed the Agency to change its mind and reverse its determination. I recognize, however, that this disparity ultimately is a matter for the Legislature rather than the judicial system, and I therefore concur in the result in this appeal.

. The record does not establish who alleged that she "quit,” what information was requested, or when it was requested. Any documents from the employer, statements taken by the Agency adjudicator, or facts purportedly required to have been submitted by Ms. Luis, were not identified in the December notice of determination terminating benefits, and are not in the record before us.