PER CURIAM.
The issue presented in this appeal is whether appellant’s due process rights were violated in proceedings before an appeals referee of the Agency for Workforce Innovation (“AWI”). The referee determined that appellee Melva Argumedo was appellant’s employee, and thus was entitled to receive unemployment compensation. The Unemployment Appeals Commission affirmed the referee’s decision. We now reverse and remand.
After appellant challenged appellee’s claim for unemployment compensation benefits, the matter was submitted to the Department of Revenue (“DOR”) for a determination.[1] DOR initially determined that appellee was appellant’s employee rather than an independent contractor. Appellant then submitted an independent contractor agreement and a tax exempt form signed by appellee, as well as appellant’s “independent contractor analysis questionnaire” (“UCS-6061”).
DOR reversed its determination, stating in its notes, “Based on answers on their UCS-6061, and wording of contract, redetermined that the claimant was an independent contractor.” Appellee appealed to an AWI referee. Despite basing its rede-termination of appellee’s employment status on the independent contractor agreement, tax exempt form, and UCS-6061, DOR did not include these documents in the record it submitted to the referee. The record did include DOR’s notes indicating the existence of the three documents.
After a telephone hearing where both parties appeared without counsel, the referee issued a written decision determining that appellee was appellant’s employee. At the hearing, the referee admonished appellant for not submitting copies of the independent contractor agreement signed by appellee. Appellant’s representative responded, “I really should do it and I am not trying to justify my actions ... and I didn’t do it. If I still had time I would (inaudible).”
“Pursuant to Sections 443.171(5) and 443.1715, F.S., [DOR] will provide to the Special Deputy and to each party documents and official records in its possession regarding the case.” Fla. Admin.Code R. 60BB-2.035(9) (2006). In the present case, DOR failed to provide the referee with all documents in its possession. See Lopez v. A Aaron Super Rooter, Inc., 54 So.3d 575, 576-77 (Fla. 3d DCA 2011) (Salter, J., concurring) (expressing “concern about the manner in which the [AWI] provides record materials — or perhaps does not provide them — to the parties when an employee or employer appeals an adverse *1041 administrative determination” to a referee).[2]
In addition, the referee in this case noted three times in her decision that “[t]here was no contract” between the parties. Given her knowledge that DOR had deemed appellee an independent contractor based on a contract, we find the referee’s description of the facts plainly inaccurate. Further, on these particular facts, in light of the referee’s awareness of the independent contractor agreement, we find that the referee abused her discretion when she refused to allow appellant to provide the agreement when appellant stated it would do so if it “still had time.” See generally Gonzalez v. UAC, — So.3d -, 2010 WL 4103359 (Fla. 3d DCA 2010) (“[t]he Agency and FUAC, no less than this Court, should strive for determinations on the merits when no prejudice has occurred”).
On the specific facts of this case, we find that “the fairness of the proceedings ... may have been impaired by a material error in procedure.” § 120.68(7)(c), Fla. Stat. (2009). We express no opinion at this time as to the other issue raised on appeal.

Reversed and remanded for further agency proceedings consistent with this opinion.

TAYLOR, GERBER and LEVINE, JJ„ concur.

. DOR may provide an initial administrative determination of entitlement to benefits pursuant to interagency agreement. § 443.1316, Fla. Stat. (2009); Fla. Admin. Code R. 60BB-2.035(1) (2006).

. We are mindful of the Notice of Telephone Hearing and accompanying AWI Form UCA Bulletin that is provided to the parties when an employer or employee appeals an initial agency determination. The bulletin informs the parties that "copies of all documents available to the referee are enclosed with the Notice of Telephone Hearing ” and that they should submit to the referee copies of documents they wish to have considered before the hearing date if those documents are not included with the hearing notice. However, based on the particular facts of this case, we do not consider the language contained in the hearing notice and bulletin dispositive.